Mr. Bob Nash Office of the Governor State Capitol Little Rock, Arkansas 72201
Dear Mr. Nash:
This is in response to your request for an opinion regarding the investment of Teacher Retirement System ("System") trust funds. Specifically, you have asked: 1) whether the System can invest trust funds in real property; and 2) whether current law would permit use of the trust fund moneys to purchase an office building to be held as an investment, and used as the headquarters for the System.
Arkansas Code Annotated 24-3-401 et seq., entitled "Investments" and 24-7-401 et seq., entitled "Teacher Retirement system — Funds and Management of Assets" must be considered in response to these questions. Section 24-3-402 provides in pertinent part:
 The [Board] of Trustees of the . . . Arkansas Teacher Retirement System . . . shall have full power to invest and reinvest the moneys of the [System] and to hold, purchase, sell, assign, transfer or dispose of any of the investments so made as well as the proceeds of the investments and moneys; however, the investments and reinvestments shall only be made in accordance with the prudent investor rule set forth in 24-3-411.
The prudent investor rule found in 24-3-411 requires a fiduciary to:
 . . . exercise the judgment and care, under the circumstances then prevailing, which an institutional investor of ordinary prudence, discretion, and intelligence exercises in the management of large investments entrusted to it, not in regard to speculation but in regard to the permanent disposition of funds, considering probable safety of capital as well as probable income.
Unfortunately, this is all the guidance we are given in determining what types of system investments are permissible. The legislative history of 24-3-402 may, however, offer some guidance in this regard. This Code provision is the codification of Section 1 of Act 412 of 1985, which specifically amends Subsection 7.01 of Section 7 of Act 793 of 1977. Section 1 of the 1985 Act states in pertinent part:
 Subsection 7.01 of Section 7 of Act 793 of 1977, as amended, . . . is hereby amended to read, in its entirety, as follows:
 The Act then recites the Boards of Trustees' "full power to invest and reinvest the moneys of the respective systems . . . in accordance with the prudent investor rule set forth in Subsection 7.11 hereof." See A.C.A. 24-3-402 and 24-3-411, supra.
It is significant to note in this regard that the amended provision (Section 7.01 of Section 7 of Act 793 of 1977) formerly set forth a list of "permissible investments" and stated that "such investments and reinvestments shall only be made" from that list. This list does not appear under the 1985 Act. Thus, we cannot conclusively state that the Board of Trustees of the Arkansas Teacher Retirement System is prohibited as a general matter from investing System funds in real property. While it may therefore be concluded that the answer to your first question is generally, yes, it must be noted that the prudent investor rule will apply. The "probable safety of capital" and the "probable income" must be considered. A.C.A. 24-3-411. A United States district court in the State of Florida stated the following with respect to the measurement of decisions against the "prudence" rule:
 The analysis considers the trustees' conduct and not the success or failure of the investment. (Citation omitted.). . . T]he `produce' standard is flexible: the adequacy of a fiduciary's investigation is to be evaluated in light of the `character and aims' of the particular type of plan he serves.
Donovan v. Walton, 609 F. Supp. 1221, 1228 (D.C. Fla. 1985).
It is thus clear that the "prudent investor rule" would dictate consideration of, inter alia, the financial objectives of the retirement plan. Arkansas Code Section 24-3-103 sets forth both general and specific objectives and requirements in this regard. Investment decisions involving the plan's asset base must take into account these objectives which will, it seems, dictate the amount of funds that may prudently be invested in real property. The Board of Trustees must make this decision based upon all pertinent facts and circumstances including, without limitation, relevant economic indicators.
Your second question concerns the purchase of a building held for investment purposes and for System use. Arkansas Code Annotated24-7-403 must be considered wherein it states in pertinent part:
 (a) All assets of the system shall be held for the sole purpose of paying benefits and making disbursements in accordance with the provisions of this act and shall be used for no other purpose whatsoever.
It appears upon initial review that use of the building (an asset) as headquarters for the system would be for a purpose other than for paying benefits and making disbursements.
It may be contended, however, that the building could be purchased pursuant to A.C.A. 24-7-410, which outlines the make-up of the "income expense account". All of the administrative expenses of the System are to be paid from this account. It is conceivable that the System could purchase a building to be used as its headquarters if it is an "expense necessary to the administration and operation of the system," 24-7-410(a), and if sufficient funds allocated for administrative expenses exist to make the purchase. This, of course, would be a question of fact to be resolved based upon the particular circumstances involved. Under this theory, the building would constitute a permissible administrative expense.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorneys General Elana L. Cunningham and Elisabeth A. Walker.